UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00023-AH-PVCx | Date | March 3, 2026 |
| Title | Belen Mendoza Duque et al v. General Motors LLC | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (DKT. No. 16) [JS-6]

Before the Court is Plaintiffs Belen Mendoza Duque and Horacio Zapata Maciel's (collectively, "Plaintiffs") Motion to Remand ("Motion"). Dkt. No. 16. Defendant General Motors LLC ("Defendant") opposed. Dkt. No. 17. Plaintiffs replied. Dkt. No. 18. For the following reasons, the Court GRANTS the Motion.

## I.    BACKGROUND

According to Plaintiffs' Complaint, Plaintiffs purchased a 2025 Chevrolet Blazer EV ("Vehicle") manufactured and/or distributed by Defendant on or around November 23, 2024. Compl. ¶¶ 6, 9, Dkt. No. 1-1. In connection with the purchase, Plaintiffs received various express warranties. *Id.* ¶ 11. During Plaintiffs' ownership of the Vehicle, it allegedly manifested infotainment, charging system, and engine system defects covered by the warranties. *Id.* ¶ 12. Plaintiffs delivered the Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects, but the Vehicle allegedly was not serviced or repaired to conform to the applicable express warranties after a reasonable number of opportunities to do so. *Id.* ¶¶ 13–14. Defendant did not replace the Vehicle. *Id.* ¶ 15.

Based on the above allegations, Plaintiffs allege various violations of the Song-Beverly Consumer Warranty Act ("SBA"), California Civil Code §§ 1791.1, 1793.2, 1794.  *See generally* Compl.  Plaintiffs initiated this action in the Los Angeles County Superior Court on September 2, 2025.  Dkt. No. 1-1.  Plaintiffs served Defendant with a copy of the Complaint on September 4, 2025.  Plata Decl. ¶ 5, Dkt. No. 16-1.  Defendant filed an answer on October 7, 2025.  Dkt. No. 1-2. Defendant removed this action on January 2, 2026.  Notice of Removal ("NOR"), Dkt. No. 1.  Plaintiffs filed the instant Motion on February 2, 2026.  Dkt. No. 16.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs.  *Id.* §§ 1331, 1332(a).  Where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citation modified).  "Any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation modified).

## III.    DISCUSSION

Plaintiffs argue that Defendant's removal was untimely because the amount in controversy is ascertainable from the Complaint, and alternatively, that Defendant has not established that the amount in controversy exceeds the jurisdictional threshold of $75,000.  Mot. at 5, 8.  Defendant argues the deadline to remove was not triggered as Plaintiffs' citizenship and the amount of controversy is indeterminate from the Complaint, and that a preponderance of evidence shows the amount in controversy exceeds $75,000 when considering actual damages, civil penalties, and attorney's fees.  Opp'n at 12–13, 16–18.

The Court considers whether Defendant has established diversity jurisdiction by a preponderance of the evidence.[1]  The parties do not dispute whether the parties are citizens of diverse states.[2]  The Court therefore addresses only whether the amount in controversy exceeds the $75,000 requirement for diversity jurisdiction.  Defendant argues the amount in controversy exceeds $75,000 when considering actual damages, civil penalties, and attorney's fees.  Opp'n at 16–18.

### A.    Actual Damages

The SBA permits actual damages in the form of restitution "in an amount equal to the actual price paid by the buyer," less the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle" for repair.  Cal. Civ. Code § 1793.2(d)(2)(B)–(C).  "The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the . . . repair facility for correction of the problem."  *Id.* § 1793.2(d)(2)(C).  "The Ninth Circuit has explained that 'consideration of the [u]se [o]ffset [is] appropriate' in determining the amount in controversy because 'an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable.'"  *Covarrubias v. Ford Motor Co.*, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) (quoting *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018)) (alterations in original).  In addition, amendments to the SBA that took effect January 1, 2025, provide for other statutory offsets based on third-party supplied equipment and services, negative equity, manufacturer's rebate, and unpaid interest or financing costs.  Cal. Civ. Proc. Code § 871.27(b)–(d), (f).  "California courts have held that actual price paid or payable, includes all amounts plaintiffs become

---

[1] In light of the Court's ruling herein, the Court does not address whether removal was timely.

[2] A removing defendant must establish diversity by a preponderance of the evidence.  *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012).  Defendant is incorporated in Delaware and has its principal place of business in Michigan.  NOR at 3.  Plaintiffs are residents of Carson, California.  Compl. ¶ 2.  Defendant represents that its "preliminary investigation . . . concluded that Plaintiffs resided in California when they purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California."  NOR at 3.

---

legally obligated to pay when they agreed to buy the vehicle." *Godoy v. Jaguar Land Rover N. Am., LLC*, 2024 WL 4682310, at *3 (N.D. Cal. Nov. 5, 2024) (quoting *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 38 (2000)) (citation modified).

Here, the total purchase price of the Vehicle was $74,575.84. Raucci Decl., Ex. A. The Vehicle had 20 miles on the odometer when Plaintiffs purchased it and 13,973 miles when Plaintiffs first presented the Vehicle to a dealership for repair of a claimed defect, so Plaintiffs traveled a total of 13,953 miles in the Vehicle in between. *See id.*, Ex. A, Ex. B., Dkt. No. 17-3. Dividing this number by 120,000 and multiplying this by the cash price of the Vehicle, $47,365.00, results in an estimated mileage offset of $5,507.37. *See id.* Ex. A; Opp'n at 16. Defendant also identifies other offsets for optional third-party contracts amounting to a total of $13,095.00. Raucci Decl., Ex. A; Opp'n at 16 (citing Code Civ. Proc. § 871.27). Defendant asserts that the amount remaining due under the financing agreement at the time of removal was approximately $39,564.97. Opp'n at 16. Additionally, Defendant asserts it determined this case is "unlikely to settle" and may include another twelve months of $800 per month payments, for a total of $9,600.00, "to cover the period up to trial and any appeal." Opp'n at 16; Raucci Decl., Ex. C, Dkt. No. 16-4. Defendant concludes the actual damages at issue then are $25,198.50. Opp'n at 17.

However, Defendant provides no factual or evidentiary support for its assertion that "this case is unlikely to settle," such as any discussions with opposing counsel. Opp'n at 16; *see* Reply at 4 (arguing that Defendant's assumption that the case will proceed through trial and appeal is "speculation"). "Without more information regarding how Defendant arrived at this 12-month calculation, this is not a reasonable assumption for the Court to make." *See, e.g.*, *Ortiz v. Gen. Motors, LLC*, 2025 WL 2924548, at *2 (C.D. Cal. Oct. 15, 2025) (finding insufficient information to include post-removal monthly payments in the actual damages calculation); *see also Islas v. Ford Motor Co.*, No. CV 22-4623-GW-JCX, 2022 WL 17371063 (C.D. Cal. Sept. 23, 2022) (noting that in the court's experience, "most of the lemon law cases it has dealt with have been settled or been resolved rather quickly by motion"). Defendant therefore has not shown the claimed $9,600.00 in actual damages by a preponderance of evidence. Accordingly, the Court subtracts the speculative $9,600 amount from the actual damages amount presented by the Defendant, resulting in actual damages of $15,598.50.

### B.    Civil Penalties

The SBA permits recovery of a civil penalty "which shall not exceed two times the amount of actual damages" if the defendant's violations are willful.  Cal. Civil. Code § 1794(c).  Although district courts have found that civil penalties should be included in the amount in controversy if pled in the Complaint, other district courts do not include civil penalties "unless the removing defendant makes some showing regarding the possibility of civil damages."  *See Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (collecting cases).  "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019). "District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy." *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1068 (C.D. Cal. 2023).

Here, Defendant argues that Plaintiffs have stated they are seeking civil penalties and have specifically alleged willfulness.  Opp'n at 17.  Indeed, Plaintiffs' Complaint alleges Defendant's "failure to comply with its obligations . . . was willful" and seeks a "civil penalty in the amount of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c)."  Compl. ¶¶ 17, 24, 28.  Defendant also asserts that Plaintiffs presented the Vehicle for repair at least three times and that based on Defendant's counsel's prior experience, plaintiffs pursue civil penalties when there are multiple repair presentations.   Opp'n at 17; Raucci Decl. ¶ 5.

Plaintiffs argue that Defendant is required to offer evidence of willfulness that might support an award of civil penalties.  Mot. at 10.  However, considering Plaintiffs' concession that they seek two times the actual damages and the history of multiple repairs, the Court finds that Defendant has sufficiently carried its burden to show that two times the actual damages in civil penalties is in controversy.  Plaintiffs also argue that civil penalties cannot be calculated because Defendant's estimate of actual damages is speculative.  Mot. at 9.  However, the estimate of actual damages, aside from the twelve additional months of monthly payments, is not speculative as it is based on evidence such as the sales agreement, Plaintiffs' repair history, and Plaintiffs' loan payment history.  Accordingly, the maximum civil penalties based actual damages of $15,598.50 would be $31,197.00.

### C.      Attorney's Fees

Plaintiffs who prevail on SBA claims may recover reasonable attorney's fees and costs.  *See* Cal. Civ. Code § 1794(d).  The amount in controversy includes "attorneys' fees awarded under fee shifting statutes."  *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016).  A removing defendant bears the burden "to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence" and must "make this showing with summary-judgment-type evidence."  *Fritsch*, 899 F.3d at 795 (citation omitted).  "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof."  *Id.*

Here, Defendant claims that based on its counsel's prior experience with fees sought by Plaintiffs' counsel and recent demands in motions to remand, it estimates that Plaintiffs will seek at least $15,000.00 in attorney's fees.  Opp'n at 19.  Even if the Court counted attorney's fees towards the amount in controversy, the total damages — including the actual damages, maximum civil penalties, and an attorney's fee award of $15,000 — would amount to only $61,795.50.[3]  As this total amount does not exceed $75,000, Defendant has not established that the amount in controversy meets the jurisdictional threshold.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Remand.  The case is remanded to the Los Angeles Superior Court, Case No. 25STCV25670.  The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

---

[3] The Court therefore does not decide whether Defendant carried its burden to show attorney's fees by a preponderance of evidence.